UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE ROSENTHAL,<br>    Plaintiff,<br><br>  v.<br><br>CITY OF WORCESTER,<br>MICHAEL V. O'BRIEN, City Manager,<br>GARY GEMME, Chief of Police,<br>ERIC S. SPINELLI, JEFFREY P. CARLSON,<br>JOHN L. BOSSOLT, and JOHN DOES 1-3,<br>    Defendants. | CIV. ACT. NO. 11-40113-TSH |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO CONTINUE IMPOUNDMENT, DESTROY OR RETURN CUSTODY TO DEFENDANTS DOCUMENT NOS. 42, 43, 44  (Docket No. 77 )**
**January 15, 2014**

### Introduction

Plaintiff, George Rosenthal ("Rosenthal" or "Plaintiff"), filed an action against the Defendants alleging claims under and/or for violation of:  42 U.S.C. § 1983 for violation of his civil rights (Counts I & II); violation of the Massachusetts Civil Rights Act, Mass.Gen.L. ch. 12, §11I (Count III);  the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258 (Count IV); Assault and Battery (Count V); and Malicious Prosecution (Count VI)[1].   On February 7, 2013, the parties reported to the Court that the case had settled and the Court issued a Settlement Order of Dismissal on February 8, 2013 (Docket No. 74).   On April 3, 2013, the parties filed a Stipulation of Dismissal (With Prejudice)(Docket No. 75).

---

[1] Plaintiff's Second Amended Complaint lists both the Massachusetts Tort Claims Act and Assault and Battery claims as Count IV and the Malicious Prosecution Claim as Count V.  I have assigned the correct Count numbers to these claims.

On May 21, 2013, the court issued an order pursuant to Local Rule 7.2[2] that all materials filed in the case pursuant to a protective, confidentiality or impoundment order would be entered into the public file unless a motion regarding the future custody of the documents was filed with the Court within twenty days. *See Electronic Order* (Docket No. 76).  On June 10, 2013, Defendants' Motion To Continue Impoundment, Destroy Or Return Custody to Defendants Document Nos. 42, 43, 44 (Docket No. 77) was filed.  By that motion, Defendants seek to continue impoundment of or the destruction or return of documents filed under seal by the Plaintiff as Docket entry Nos. 42, 34 and 44.   Plaintiff has filed an opposition to the motion in which he argues in favor of transferring the materials to the public file.

## Facts Relevant To Defendants' Motion

Plaintiff's Complaint alleged that on March 9, 2008, members of the Worcester Police Department used excessive force against him while arresting him on the premises of a building on Portland Street in Worcester; Plaintiff had entered the building intending to steal ferrous metals and copper.  While Plaintiff was attempting to peacefully surrender, he allegedly was struck by one Defendants with a closed fist.  That same Defendant spat on him, grabbed him and struck his head against the wall.  After he fell to the ground, multiple Defendant police officers allegedly punched and kicked him while he lay on the floor.

On February 17, 2012,  Plaintiff filed his second Amended Complaint (*See* Docket No. 19) and thereafter, the parties filed a joint request to amend the Scheduling Order deadlines.   On

---

[2] LR, D.Mass., 7.2 provides that when a party files a motion to impound, the motion shall contain a statement of the earliest date on which  the impoundment may be lifted, or a statement-- supported by good cause-- that the material should be impounded until further order of the Court.  If the impoundment order provides a cut-off date but no arrangements for custody, the clerk (without further notice) shall place the material in the public file upon expiration of the impoundment period.  If the order provides for post-impoundment custody by counsel or the parties, the materials must be retrieved immediately upon expiration of the order, or the clerk (without further notice) shall place the materials in the public file. *Id.*

April 26, 2012, the parties filed an assented to motion for a protective order (Docket No. 22)("Protective Order"), which was granted by the Court on May 8, 2012 (Docket No. 23).

The Protective Order covered:

> documents containing Criminal Record Information ("CORI"); copies of any and all documents generated by the Bureau of Professional Standards, formerly known as the Internal Affairs Division, including but not limited to all logs, journals, investigative reports, witness statements, records of complaints, complaint related dispositions, disciplinary records, data compilations, and related documents; copies of any and all documents pertaining to medical and/or psychological treatment; and personnel files.

*Protective Order*, at p. 1. The Protective Order further provided that the parties could, by agreement, designate that additional documents be subject to its terms.

Additionally, the Protective Order set forth the parties obligations regarding such documents:

[1.]   Plaintiff shall not disclose any documents or confidential information subject to this Protective Order and the documents and confidential information contained therein shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case. Furthermore, all documents subject to this Protective Order that are filed with the Court shall not be filed electronically, and a motion and/or request to impound or seal said documents shall accompany such a filing.

[2.]   Documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the documents or of the confidential information contained therein; to parties or representatives of the parties who are assisting in the conduct of the litigation; and to court officials involved in this litigation, including court reporters, stenographers, and special masters. Such documents may also be disclosed:

    a.   to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    b.   to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; **provided**, however, that in all such cases the individual to

>whom disclosure is to be made has [agreed to be bound by the terms of the Protective Order].

*Id.*, at p. 2.

On January 14, 2013, Plaintiff filed a motion for leave to filed documents under seal; the documents were being filed in support of his claims against the City under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978) and his supervisory liability claims. *See Pl's Mot. For Leave TO File Documents Under Seal* (Docket No. 40).  In that motion, Plaintiff indicated that the documents were to be filed both in this case and in a separate case, *Carpenter v. Rivera*, Civ. Act. No. 10-40233-TSH ("*Carpenter*"). However, the documents, which seemingly relate almost exclusively to the *Carpenter* case, were never filed in that case. The documents are currently the subject of pending motions in the *Carpenter* case.

## Discussion

"The presumption that the public has a right to see and copy judicial records attaches to those documents which properly come before the court in the course of an adjudicatory proceeding and which are relevant to the adjudication. That presumption, so basic to the maintenance of a fair and open judicial system and to fulfilling the public's right to know, cannot be easily overcome." *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987). Thus, "[d]ecisions on the sealing of judicial documents require a balancing of interests, although the scales tilt decidedly toward transparency. The starting point must always be the common-law presumption in favor of public access to judicial records [because] '[p]ublic access to judicial records and documents allows the citizenry to 'monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system.' ' " The presumption favoring public access … is not inviolate, and may on some occasions be overcome by competing interests. That said, 'the presumption is nonetheless strong and sturdy,' and thus ' "[o]nly the most compelling

reasons can justify non-disclosure of judicial records." ' " *National Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) *cert. denied,* 132 S. Ct. 1635 (U.S. 2012)(internal citations and citations to quoted cases omitted).

In *Carpenter,* this Court questioned whether Plaintiff's counsel had mistakenly filed Exhibits 42-44 in this case when they should have been filed in that case. At this time, it remains unclear whether Exhibits 42-44 were supposed to filed in this case, this case and the *Carpenter* case, or whether they were inadvertently filed in this case instead of the *Carpenter* case. In other words, it is not clear to the Court they were *properly* filed in this case. Under the circumstances and because of the uncertainty, I am allowing the Defendants' motion to continue impoundment.

## Conclusion

Defendants' Motion To Continue Impoundment, Destroy Or Return Custody To Defendants Document Nos. 42, 43, 44 (Docket No. 77) is ***allowed***. The documents constituting Exhibit 42, 43 and 44 shall remain impounded until further order of the Court.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT COURT**